THE PEOPLE *v.* GONZÁLEZ ET AL.

APPEAL from the District Court of San Juan, Section 2.

No. 451.—Decided October 29, 1912.

CRIMINAL LAW—LIBEL—MALICE—PRESUMPTION.—A person against whom a complaint has been made by a member of the police force has the right to deny publicly the truth of the offense charged in the complaint, but he cannot charge the complainant with acts tending to show that he was actuated by dishonorable motives and that he had committed the crime of perjury without committing the crime of libel, and the fact that the defendant published these charges against the complainant is sufficient to warrant the presumption that he was actuated by malice, and in the absence of a bill of exceptions this court must presume that malice was proved if there were any necessity of proving the same.

The facts are stated in the opinion.

*Mr. Manuel F. Rossy* for appellants.

*Mr. Charles E. Foote, Fiscal,* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case there is no bill of exceptions, and the sufficiency of the complaint is the only matter that can be re-

viewed. The charge was a libel, and the complaint set up that the complaining witness, a member of the Insular police, had, in a published telegram to the *Democracia,* a newspaper, been charged by the defendants with having presented a false charge against them; that such police officer had lied, and that he had complained against the defendants knowingly and for the purpose of securing some merits with the innuendo that the complaining witness had previously presented a false charge against the defendants for the purpose of securing his promotion. The complaint in this case also set up, with apt words, not only the maliciousness but the falsity of the libel, and that it tended to impeach the honor, virtue, and reputation of the complaining witness.

The appellants urge that inasmuch as the defendants were only repelling a false charge that no malice should be imputed to them. They had, as expressed by the judge below, an entire right to publicly deny the truth of the charge, but they had no right to impute dishonorable motives and possible perjury to the said complaining witness. When they published a statement tending *per se* and necessarily to injure the complaining witness, the malice must be presumed. A similar case and a similar ruling is reported in *The State* v. *De Long et al.,* 88 Ind., 312.

Moreover, if it had been necessary to prove the malice, this court, in the absence of a bill of exceptions, would have to assume that the malice was proved. It was sufficiently charged. For the reasons aforesaid the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.